1 | **KELLEY DRYE & WARREN LLP**
    Jamie N. Zagoria (State Bar No. 285125)
2 | 10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, CA 90067-4008
3 | Telephone:  (310) 712-6100
Facsimile:  (310) 712-6199
4 | jzagoria@kelleydrye.com

5 | Attorneys for Defendant
Kohl's Department Store, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| AUDREY FOBER, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT KOHL'S NOTICE OF REMOVAL OF ACTION** |
| v. | |
| KOHL'S DEPARTMENT STORES, INC., | Action Filed:    March 30, 2016 |
| Defendant. | |

724612

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Kohl's Department Stores, Inc. ("Kohl's") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and and Federal Rules of Civil Procedure, Rule 81(c).

## I.     INTRODUCTION

1.     This action pending in the Superior Court of the State of California for the County of Orange, entitled *Audrey Fober v. Kohl's Department Store*, Case No. 30-2016-00843502-CL-NP-CJC was commenced on March 30, 2016.  Pursuant to 28 U.S.C. § 1446, true and correct copies of the pleadings and other papers served on Kohl's are appended to this Notice of Removal as Exhibit A.

2.     Promptly after filing this Notice of Removal, Kohl's will give written notice of the removal to Plaintiffs through her attorneys of record in this action, as well as to the Clerk of the Orange County Superior Court, as required by 28 U.S.C. § 1446(d).

3.     Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the county where the California state court action is pending.

4.     There are no other defendants named in this action.

## II.     THIS COURT HAS FEDERAL QUESTION JURISDICTION

5.     Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Indeed, a District Court has original jurisdiction over cases "arising under" federal law pursuant to 28 U.S.C. § 1331.

6.     As the appended record demonstrates, this Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").  Specifically, Plaintiff avers in the Complaint that Kohl's placed unwanted calls to Plaintiff's cellular phone number in violation of the TCPA and the Rosenthal Fair

Debt Collection Practices Act, California Civil Code §§ 1788, *et seq*.

7. In *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012) the United States Supreme Court held, in a unanimous decision, that the TCPA's grant of jurisdiction to state courts does not deprive federal district courts of federal question jurisdiction over private rights of action with respect to claims arising out of the TCPA.

8. In light of *Mims*, which specifically confers federal question jurisdiction over claims arising under the TCPA, this action is properly removable to this Court.

9. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's Rosenthal Fair Debt Collection Practices Act claim.

### III.   NOTICE OF REMOVAL IS TIMELY

10. The first date upon which Kohl's received a copy of the Complaint was April 11, 2016, when Kohl's was served with a copy of the Complaint and a summons from the Orange County Superior Court. The time for Kohl's to answer the Complaint has not yet elapsed, and this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within 30 days of the time of service upon Kohl's.

### IV.   CONCLUSION

11. WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Orange County Superior Court.

DATED: May 9, 2016                                KELLEY DRYE & WARREN LLP

By:     /s/ Jamie N. Zagoria
         Jamie N. Zagoria
Attorneys for Defendant
Kohl's Department Stores, Inc.

# EXHIBIT A

# EXHIBIT A

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

April 12, 2016

Kohl's Department Stores, Inc.
Legal Department
Kohl's Corporation - Legal Department
N56 W17000 Ridgewood Drive
MENOMONEE FALLS   WI   53051

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL Information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item:** 2016-1202

| | | |
|---|---|---|
| 1. | **Client Entity:** | Kohl's Department Stores, Inc. |
| 2. | **Title of Action:** | Audrey Fober vs. Kohl's Department Stores, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Civil Case Cover Sheet<br>Complaint |
| 4. | **Court/Agency:** | Orange County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 30-2016-00843502-CL-NP-CJC |
| 7. | **Case Type:** | Violation of Rosenthal Fair Debt Collection Practices Act |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 4/11/2016 |
| 10. | **Date to Client:** | Tuesday 4/12/2016 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 5/11/2016 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. | |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Todd M. Friedman<br>Beverly Hills, CA<br>(877) 206-4741 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KOHL'S DEPARTMENT STORES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AUDREY FOBER

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**03/30/2016** at 11:32:50 AM

Clerk of the Superior Court
By Trinity Mai, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Orange

700 Civic Center Drive West
Santa Ana, CA 92701

**CASE NUMBER:**
*(Núm)* 30-2016-00843502-CL-NP-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: 03/30/2016   ALAN CARLSON, Clerk of the Court   Clerk, by _____, Deputy
*(Fecha)*   *(Secretario)*   Trinity Mai   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: KOHL'S DEPARTMENT STORES, INC.
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, AUDREY FOBER | | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**03/30/2016** at 11:32:58 AM<br><br>Clerk of the Superior Court<br>By Trinity Mai, Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | | |
| **CASE NAME:**<br>AUDREY FOBER v. KOHL'S DEPARTMENT STORES, INC. | | |
| **CIVIL CASE COVER SHEET**<br>☐ Unlimited    ☑ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2016-00843502-CL-NP-CJC<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☑ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 30, 2016
Todd M. Friedman
(TYPE OR PRINT NAME)    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
03/30/2016 at 11:32:58 AM
Clerk of the Superior Court
By Trinity Mai,Deputy Clerk

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

AUDREY FOBER,

Plaintiff,

vs.

KOHL'S DEPARTMENT STORES, INC.,

Defendant.

Case No. 30-2016-00843502-CL-NP-CJC

(Amount to exceed $10,000 but not $25,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Telephone Consumer Protection Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

///

Complaint - 1

## II. PARTIES

2.  Plaintiff, Audrey Fober ("Plaintiff"), is a natural person residing in Orange County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, Defendant, Kohl's Department Stores, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5.  On or around January of 2015, Defendant began contacting Plaintiff concerning an alleged debt owed.

6.  Defendant called Plaintiff on Plaintiff's cellular telephone number ending in -3515. Defendant often called from telephone numbers 262-704-9870, 903-593-8790, and 562-321-9090.

7.  Defendant placed a barrage of calls to Plaintiff, calling Plaintiff multiple times per day. Defendant placed calls to Plaintiff with enough regularity and frequency to constitute harassment under the circumstances. Defendant called Plaintiff's telephone over two hundred (200) times

8. Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

9. Prior to being contacted via an "automatic telephone dialing system," Plaintiff had revoked any and all consent to be contacted via an "automatic telephone dialing system."

10. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

12. On or around September 29, 2015, informed Defendant that Plaintiff had obtained counsel, and to cease calling.

13. Furthermore, in the letter dated September 29, 2015, Plaintiff revoked any and all consent to be contacted via an "automated telephone dialing system."

14. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

15. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

    c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

16. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

17. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;

B. Statutory damages for willful and negligent violations;

C. Costs and reasonable attorney's fees;

D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates by reference all of the preceding paragraphs.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)*.

25. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C. Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 30th day of March, 2016

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

DHS- California-

- Eddie Ellis -
- Emanuel Garcia
- Omar Diaz
- Ruby Rodriguez
- Jarede Green

Kinship- Wilson-

-Ricky Rodriguez
-Deshawn Herring
- Maria Santoyo
-Angelica Garcia
-Rene Garza

Jamison Center-

-Barry Brown
- Jeremiah Melancon
- Jordan Price
- Ricky Rodriguez
- Vanessa Gonzalez

Partnership Building-
-Omar Diaz
DHS- Taft
-Angelina Blagg

Beale Library
-Arturo Monlina
-Gabriela Cardenas

child support services 18th
-David privet
-Ambar Johnson

public health mt. Vernon
-Renata Tiznado
-Joe Hein
-Public health M Street
-Vivana Eqihua
-Deshawn Herring

career service center
-Serena Salas

LA/ DHS lamont
- Kathryn Beeman

DHS shafter
- Victor Sierra
- Richard Simmons

APR 1 1 2016

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On May 9, 2016, I served true copies of the following document(s) described as **DEFENDANT KOHL'S NOTICE OF REMOVAL OF ACTION** on the interested parties in this action as follows:

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
(877) 206-4741
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorney for Plaintiff Audrey Fober*

☒ **BY MAIL:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kelley Drye & Warren LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 9, 2016, at Los Angeles, California.

Carla K. Rossi

724703